UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:17-cv-81307-DMM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

        Plaintiff,

v.

VILLA VALENTINA REALTY LLC AND VALENTINA AVED,

        Defendants.

## DECLARATION OF ROBERT STEVENS

I, Robert Stevens state the following:

1. I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2. I reside in West Palm Beach, Florida. I am an experienced professional photographer and make a living from photography. Through AAP, I provide high-end real estate photography services to real estate brokers and agents in South Florida.

3. I am AAP's principal photographer and its founder. My work is sought after by real estate professionals throughout South Florida. For the past eight years, I have photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, I have been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4.  The techniques that I use are difficult to execute effectively. My photos are made using special aerial photography capture techniques that employ drones or other technology to capture photographs from angles that would not otherwise be possible.

5.  I created two photographs of The Rapallo Condominium in West Palm Beach, Florida, titled "Rapallo West Palm aerial A 2009 AAP" and "02" which are shown below and referred to herein as the "Works."





6.      I registered the Works with the Register of Copyrights on August 9, 2013 and July 7, 2015 and was assigned the registration numbers VA 1-947-093 and VA 1-967-719, respectively.  The certificates of Registration are attached hereto as Exhibit 1.

7.      AAP own all rights, title, and interest, including copyrights, in and to the Works by nature of both written assignment by me to AAP and by nature of the fact that the Works were works for hire taken on behalf of AAP.

8.      Significant technical attributes were required to make the Works including; monitoring the environment with regard to atmospheric conditions, cloud cover, wind speed, wind direction, and precipitation; extensive image location scouting to identify potential photo locations, angles, elevations, accessibility, and security issues; obtaining authorizations to secure

access to private property; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction.

9. The Works are scarce not only due to their high quality but also the unique techniques applied to achieve such amazing results.

10. The typical range of fees I receive for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet of one of my copyrighted photographs similar in quality and popularity to the Works is approximately $1,000, per year, per photograph.

11. It is my understanding that Villa Valentina Realty LLC ("Villa Valentina") is a Florida based real estate brokerage that employs Valentina Aved as an agent.

12. On April 26, 2016, Villa Valentina, by and through its agent Valentina Aved ("Aved"), copied the Works without my permission and used them to advertise for the sale of a property located at 1801 S Flagler Drive in West Palm Beach, Florida via the Multiple Listing Service. Evidence of Villa Valentina's infringement is attached hereto as Exhibit 2.

13. Neither Villa Valentina or Aved has never been licensed to use the Works for any purpose.

14. After the Defendants copied the Works, it made further copies and distributed the Works on the internet to promote the sale of its goods and services.

15. Had Villa Valentina hired AAP to create and license the Works and to reproduce and display the Works on its website, I would have charged at least $2,000 per year to use the photographs.

16. The ability of the Defendants to reproduce, modify, distribute and display the copyrighted Works for its own commercial benefit without compensation to me greatly impairs the market value of the Works since others competing with that business, or in related business areas, will not want to obtain a license to my Works if they are already associated with a competing business. Similarly, potential licensees of my copyrighted photographs will not want to pay my license fees if they see other commercial enterprises taking and using my photographs for its own commercial purposes without paying any fee at all.

17. The Works have lost significant value to their scarcity by the widespread and continuing dissemination resulting from Villa Valentina's infringement.

18. I believe my damages to be $12,000 per year after considering a scarcity multiplier of 6 to the licensing fee of $1,000 per year.

19. According to the Multiple Listing Service page where the infringement took place in Exhibit 2, the Works were displayed since at least approximately April 26, 2016.

20. Accordingly, my actual damages for the two years of use are $24,000.

21. In addition to my damages, the Defendants also profited off the use of AAP's Works.

22. On July 13, 2016, Villa Valentina was the broker for the sale of the property listed at 1801 S. Flagler Drive for $220,000, with a commission of 2.5%, for a profit of $5,500.

I swear of affirm the foregoing is true and correct under penalties of perjury.

DATED: May 15, 2018

_____
Robert Stevens