# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 17-81307-CV-MIDDLEBROOKS/BRANNON

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

VILLA VALENTINA REALTY LLC, and
VALENTINA AVED,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY
## OF FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court on Plaintiff Affordable Aerial Photography, Inc.'s

("AAP") Motion for Entry of Final Judgment by Default against Defendant Villa Valentina

Realty LLC ("Motion"), filed on May 15, 2018. (DE 21).  Plaintiff seeks entry of final judgment

against Defendant Villa Valentina Realty LLC ("Villa Valentina"), which Plaintiff claims

engaged in willful copyright infringement.  Villa Valentina has failed to appear, plead, or

otherwise defend this action as required by Federal Rule of Civil Procedure 55.[1]

## I.  BACKGROUND

Robert Stevens is an experienced professional photographer that resides in West Palm

Beach, Florida.  (DE 1 at ¶¶ 1, 2; DE 21-1 (hereinafter "Stevens Decl.") at ¶ 2).  Stevens, as the

sole owner and principal of AAP, creates and licenses photograph images for various uses.  (DE

1 at ¶ 3; Stevens Decl. at ¶¶ 2, 3).  AAP owns all rights, including copyrights, in the two

photographic images asserted in this action referred to herein as the "Works." (DE 1 at ¶ 23;

---

[1] Plaintiff filed a Notice of Voluntary Dismissal without Prejudice pursuant to Federal Rule of
Civil Procedure 41(a)(1)(A)(i) as to Defendant Valentina Aved.  (DE 20).

Stevens Decl. at ¶ 7).  On August 9, 2013 and July 7, 2015, AAP obtained registrations with the United States Copyright Office for the Works. (DE 1 at ¶ 21 & Exhibit 1; Stevens Decl. at ¶ 6 & Exhibit 1).

Villa Valentina is a Florida based real estate brokerage company.  (DE 1 at ¶ 4 & Exhibit 2; Stevens Decl. at ¶ 1 & Exhibit 2).  Villa Valentina has never been licensed to use the Works at issue in this action for any purpose.  (DE 1 at ¶ 24; Stevens Decl. at ¶ 13).  On April 26, 2016, Villa Valentina, by and through its agent Valentina Aved, copied the Works without permission.  (DE 1 at ¶¶ 25-26; Stevens Decl. at ¶ 12).  After Villa Valentina copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services.  (DE 1 at ¶ 27; Stevens Decl. at ¶ 14). Villa Valentina copied and distributed AAP's copyrighted Works in connection with Villa Valentina's business for purposes of advertising and promoting its business, and in the course and scope of advertising and selling products and services.  (DE 1 at ¶ 28 & Exhibit 2; Stevens Decl. at ¶ 14 & Exhibit 2).

On October 19, 2017, AAP, through counsel, notified Villa Valentina in writing of AAP's copyrights in the Works, and demanded that it cease the infringing use of the Works and pay a license fee for the unauthorized use of the Works.  (DE 1 at ¶ 33 & Exhibit 3; Stevens Decl. at ¶ 19).  Despite Plaintiff's repeated demands, Villa Valentina has not compensated Plaintiff for its otherwise infringing use of the copyrighted Works.  (*Id.*).

On November 29, 2017, Plaintiff filed his Complaint instituting this action against the Defendants.  (DE 1).  On March 6, 2018, Villa Valentina was served with a copy of Plaintiff's Complaint and Summons via service upon the Florida Department of State's Division of Corporations and pursuant to Chapter 48.062 or 605.0117, Florida Statutes.  (DE 14).  Villa Valentina has not filed anything in response to Plaintiff's Complaint, nor has Villa Valentina

taken any action that otherwise indicates Villa Valentina's legitimate intent to defend the suit. On March 26, 2018 the Clerk entered default against Villa Valentina. (DE 18). Plaintiff then filed the instant Motion on May 15, 2018. (DE 21).

## II.   LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The effect of a clerk's default is that all of Plaintiffs' well-pled allegations are deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2] (defaulted defendant deemed to admit well-pled allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law"). If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages. *Nishimatsu Constr. Co.,* 515 F.2d at 1206. Where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted).

## III.   ANALYSIS

### A. Liability

#### 1. Plaintiff Has Established Villa Valentina's Liability for Copyright Infringement.

The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) defendant's copying of the Work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

### a.   AAP Owns a Valid Copyright for the Works

AAP's Works are original and expressive pictorial, graphic, and sculptural works that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5). Plaintiff may satisfy the first prong by producing the certificates of registration, then the burden shifts to the defendant to demonstrate why the claim of copyright is invalid. *See Feist Publ'ns*, 499 U.S. at 361; 17 U.S.C. § 410(c) (noting a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate").

AAP registered the Works pursuant to 17 U.S.C. § 411(a) and was given Certificates of Registration, Registration Number VA 1-947-093 and VA 1-967-719, as of August 9, 2013 and July 7, 2015. (DE 1 at ¶ 21 & Exhibit 1; Stevens Decl. at ¶ 6 & Exhibit 1). The certificate was registered within five years of first publication of the Works therefore AAP is entitled to the presumption of validity of the copyright for the Works and all facts stated in the copyright certificate under 17 U.S.C. § 410(c).

### b.   Villa Valentina Copied the Works

The copying element of an infringement claim has two components. *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1232-33 (11th Cir. 2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter. *Id.* Second, the plaintiff must establish

"substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Id.* at 1233.

Here, Plaintiff has produced documents showing Defendants' copying (DE 1 at Exhibit 2; Stevens Decl. at Exhibit 2), and Villa Valentina has been found in default by the Clerk of the Court. (DE 18). The produced documents show that Villa Valentina copied AAP's Works. (DE 1 at Exhibit 2; Stevens Decl. at Exhibit 2). There is no factual or subjective issue of "substantial similarity" here, because the Works in question are whole photographs and the copies made by Villa Valentina were exact copies and the entire images were taken. (*Id.*). Thus, Villa Valentina undisputedly copied AAP's copyrighted Works and a Final Default Judgment should be entered against Villa Valentina.

### 2. Plaintiff has Established that Villa Valentina's Infringement was Willful.

Willful infringement occurs "when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright." *Arista Records, Inc. v. Beker Enters. Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003) (citation and internal quotations omitted). "Moreover, this Court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default." *Id.* at 1313 (citations omitted).

Additionally, Plaintiff notified Villa Valentina in writing of AAP's copyright in the Works and demanded that it cease the infringing use of the Works and pay a license fee for the unauthorized use of the Work. (DE 1 at ¶ 33 & Exhibit 3; Stevens Decl. ¶ 17).

Given Plaintiff's repeated requests and Villa Valentina's reproduction, distribution, and public display of the copyrighted Works without obtaining, or even seeking, permission from Plaintiff as copyright owner and refusal to pay a licensing fee to compensate for its use of the Works, demonstrates that Villa Valentina had actual knowledge, or at least acted with reckless

disregard, of the fact that its conduct infringed upon Plaintiffs exclusive copyrights in the copyrighted Works. Accordingly, the fact of Villa Valentina's default and the well-pled facts of the Complaint, admitted by Villa Valentina's default, establish that Villa Valentina's infringement of Plaintiff's Work was willful and deliberate.

    A.   **Damages and Attorney's Fees**

        1. **Actual Damages**

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." "Actual damages are often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Lorentz v. Sunshine Health Prods.*, No. 09-61529, 2010 WL 11492992, at *4 (S.D. Fla. Sep. 7, 2010) (citation and internal quotations omitted).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Id.* at *5. To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1276-77 (M.D. Fla. 2008) (citing *Montgomery v. Noga*, 168 F.3d 1282, 1295-96 (11th Cir. 1999)).

As evidence of license fees paid by other licensees for similar content and use, Plaintiff submitted the Declaration of Robert Stevens ("Stevens Decl."). (DE 21-1). The Declaration represents that the typical range of fees AAP receives for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet one of Plaintiff's copyrighted photographs

similar in quality and popularity to the Works is approximately $1,000 per photograph, per year. (Stevens Decl. at ¶ 10). Had Villa Valentina requested AAP to create and license the Works to reproduce and display the copyrighted Works on its listings, AAP would have charged at least $1,000 per Work per year to use the Works. (Stevens Decl. at ¶ 15).

Stevens further declared that the licensing fees alone do not take into contemplation the scarcity of the photographs, which also increases their value in this case. Scarce images typically demand a much higher fee than common images, and, in this case, Stevens used a unique capture technique that extends the range of visual information beyond what the eye can normally see. (Stevens Decl. at ¶¶ 4, 8). Significant technical attributes were required to make the Work including; monitoring the environment with regard to atmospheric conditions, cloud cover, wind speed, wind direction, and precipitation; extensive image location scouting to identify potential photo locations, angles, elevations, accessibility, and security issues; obtaining extensive authorizations to secure access to private property; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction. (Stevens Decl. at ¶ 8).

Furthermore, Stevens declares that the Works have lost significant value to their scarcity by the widespread and continuing dissemination resulting from Villa Valentina's infringement. (Stevens Decl. at ¶ 17). Accordingly, Stevens believes his damages to be $12,000 per year, which, after applying a scarcity multiplier of six to the licensing fee of $1,000 per photograph, amounts to $24,000 for infringement dating back to April 26, 2016. (Stevens Decl. at ¶ 18); *see Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included three to five times the benchmark because of the scarcity factor).

However, based on the case law provided by Plaintiff, and in light of the high quality of the Works and unique techniques used to make them, I find a scarcity multiplier of six to be high in this case, and therefore reduce it to four. Thus, using a multiplier of four, Plaintiff's damages are $1,000 per each of the two photographs per year in licensing fees, for two years, multiplied by four, which amounts to $16,000 in damages.

In addition to AAP's damages from licensing fees, Villa Valentina profited from the use of AAP's Works. (Stevens Decl. at ¶ 21). On July 13, 2016, Villa Valentina was the broker for the sale of a property listed at 1801 S. Flagler Drive. (Stevens Decl. at ¶ 22; *see* DE 1, Ex. 2). The property sold for $220,000, with a commission of 2.5%, for a profit to Villa Valentina of $5,500. (*Id.*). Thus, AAP has at least $21,500 in actual damages that are presently known.

Because Villa Valentina refused to participate in discovery or otherwise defend this matter, Plaintiff is without information to identify exactly how long it used its Works for its own commercial purposes. Plaintiff's actual damages may be a multiple of his annual license fee and Villa Valentina's known profits, but Villa Valentina, through its inaction, suppressed the information necessary to identify the correct figure. Similarly, Villa Valentina's refusal to cooperate in discovery has prevented Plaintiff from identifying the amount of profits related to its infringing uses of Plaintiff's Works that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Villa Valentina's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Villa Valentina solely controls all information concerning its gross revenue related to its

infringing uses of the Works, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Villa Valentina's refusal to appear and participate in discovery, and Plaintiff is entitled to an award of statutory damages for Villa Valentina's willful infringement of Plaintiff's copyrighted Work.

## 2. Statutory Damages

Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Villa Valentina's infringement of Plaintiff's exclusive rights in the copyrighted Works, and enhancement of its statutory award based upon the willfulness of such infringement. Specifically, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully.  In awarding enhanced damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990) (citations and internal quotation omitted).  Specifically, when an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of two to three times actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendant. *See Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the Defendant would have paid to be licensed is a modest, just and appropriate award under section 504(c)"); *see also Barnstormers, Inc. v. Wing Walkers, LLC*, No. 10-261, 2011 WL 1671641, at *5 (W.D. Tex. May 3, 2011) ("In light of Plaintiff's $6,000 in actual damages and

Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000."); *Cynthia Hunt Prods. Ltd. v. Evolution of Fitness Houston Inc.*, No. 07-0170, 2007 WL 3047220, at *1, *4 (S.D. Tex. Oct. 18, 2007).

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. *See* 17 U.S.C. § 504(c)(1). However, as discussed in Section IV(c) above, Villa Valentina's conduct – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful. Using a multiplier of three on the $21,500 in actual damages that are presently known, Plaintiff is entitled to statutory damages in the amount of $64,500 dating back to April 26, 2018 under 17 U.S.C. § 504(c)(2). An award of this amount is sufficient to fully compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law.

### 3. Attorney's Fees and Costs

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Attorneys' fees "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). As with all fee petitions, the moving party has the burden of demonstrating that its fee request is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). According to the Eleventh Circuit, the only two statutory requirements for an award of attorney's fees are that the fee award should be made to the prevailing party, and that the

amount should be reasonable. *Network Prods., Inc.*, 902 F.2d at 853. The Supreme Court has put forth a "nonexclusive list of factors to consider when determining whether to award a prevailing party attorney's fees under § 505, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Microsoft Corp. v. Tech. Enters., LLC*, No. 06-22880, 2011 WL 13174758, at *3 (S.D. Fla. Sept. 7, 2011) (quoting *Fogerty,* 510 U.S. at 534 n.19).

Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Villa Valentina's infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

"In calculating a reasonable attorneys' fee, the court must consider the number of hours expended in prosecuting this action, together with the customary fee charged in this community for similar legal services." *Microsoft Corp.*, 2011 WL 13174758, at *4 (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Under the lodestar method, the Court must first determine whether the fee applicant (Plaintiff's counsel) has satisfied the burden of establishing that his requested hourly rates are reasonable. *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Am. Civil. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman*, 836 at 1299. In assessing whether an attorney billed reasonable hours, "[r]edundant, excessive,

or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended." *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 910-11 (11th Cir. 2010). The lodestar may then be adjusted after considering other factors, such as the results obtained. *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713 (11th Cir. 2014) (citations omitted). In this case, Plaintiff requests the Court to award costs and attorney's fees $5,536.50.

Plaintiff represents that: (a) his lead counsel in this matter, Mr. Joel B. Rothman, partner, has an hourly rate of $395.00 and has expended 4.2 hours working on this matter; (b) an associate lawyer, Mr. Alexander C. Cohen, billed at an hourly rate of $300.00 per hour and worked 9.60 hours; (c) Jamie C. James, a paralegal, bills at an hourly rate of $175.00 per hour and expended 4.7 hours in this litigation, and (d) investigator Kimberly A. Abajian has an hourly rate of $175.00 and expended 1 hour working on this matter. (DE 21-2 at 1-2 (hereinafter "Rothman Decl."); DE 21-2, Ex. A). Plaintiff attached a declaration of lead counsel Mr. Rothman and copies of counsel's billing statements containing entries for each individual expenditure of time on this case. (Rothman Decl.; DE 21-2, Ex. A). Although Plaintiff did not support its Motion with evidence of the hourly rates of other partners, associates, paralegals, and investigators to show that the requested hourly rates here are reasonable, based upon an independent evaluation of similar cases, I conclude that the hourly rates are reasonable. *See, e.g., Microsoft Corp.*, 2011 WL 13174758, at *4-5 (finding partner's hourly rate of more than $415.00, associates' hourly rate of up to $335.00, and paralegal hourly rates to be reasonable rates under 17 U.S.C. § 505 of the Copyright Act).

Next, the Court considers whether Plaintiff's counsel billed reasonable hours in this litigation. Here, Plaintiff's counsel merely had to file a complaint, serve the Defendants, move the Court for a Clerk's entry of default, and move for default judgment. Plaintiff's counsel's

billing statement, for the most part, reflects the simplicity of this case and the lack of an appearance by Defendant. (DE 21-2, Ex. A). The billing statement reflects that the work and tasks were seemingly allocated in an efficient manner, with Mr. Rothman, a partner, only billing time for review of the important filings in this matter, including the Complaint and the instant Motion. (*Id.*). However, it seems a bit excessive for the associate to have spent 3.50 hours drafting the instant Motion before Mr. Rothman's review, and another 3.70 hours revising the same motion after the review, for a total of 7.20 associate hours in addition to 2.00 partner hours. Accordingly, Mr. Cohen's hours are reduced by 1 hour, to 8.6 total hours expended. Accordingly, Plaintiff's counsel's attorney fee award is $5,236.50.

Plaintiff also requests costs in the amount of $551.37. Section 505 permits the court, in its discretion, to "allow the recovery of full costs by or against any party." 17 U.S.C. § 505. "Section 505's allowance for costs is broader than the provisions of § 1920 in that allows for out-of-pocket litigation expenses if they are necessary for the representation of the client." *Microsoft Corp.*, 2011 WL 13174758, at *5. Here, all of the costs requested by Plaintiff appear to be reasonable and necessary for the prosecution of this action. Accordingly, Plaintiff is awarded costs in the amount of $551.37. In total, Plaintiff is awarded attorney's fees and costs in the amount of $5,787.87, consisting of $551.37 in costs and $5,236.50 in attorney's fees.

### 4. **Permanent Injunction**

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Injunctions are regularly issued pursuant to § 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of

default judgments. *Arista Records*, 298 F. Supp. 2d at 1314 (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future) (citation omitted).

As established by the well-pled facts of the Complaint (DE 1), and admitted by Villa Valentina's default, this Court has proper jurisdiction over this action. (DE 1, at ¶¶ 6-9). Villa Valentina's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. (DE 1 at ¶ 40). For example, the ability of Villa Valentina to use Plaintiff's Works for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Works because (1) others competing in that business or in related business areas will not want to obtain a license to Plaintiff's Works if they are already associated with a competing business, and (2) potential licensees of Plaintiff will not want to pay license fees to Plaintiff is they see other commercial enterprises taking and using Plaintiffs photographs for their own commercial purposes without paying any fee at all. (*See* Stevens Decl. at ¶ 19).

Accordingly, Court finds that entry of a permanent injunction would be reasonably here. A permanent injunction will issue against Villa Valentina, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Villa Valentina, prohibiting them from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photographs or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

IV.   **CONCLUSION**

Accordingly, for the reasons explained above, it is hereby **ORDERED AND ADJUDGED** that:

(1)   Plaintiffs' Motion for Entry of Final Default Judgment Against Defendant Villa Valentina Realty LLC (DE 21) is **GRANTED**.

(2)   Final Default Judgment shall be entered in favor of Plaintiff Affordable Aerial Photography, Inc. and against Defendant Villa Valentina Realty LLC by separate order.

**DONE and ORDERED** in Chambers, in West Palm Beach, Florida, this 7 day of June, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record

15